IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ERIC AYALA,                              )
                                         )
       Movant/Defendant,         )
                                         )
v.                                       )   Civ. A. No. 06-20-GMS
                                         )   Cr. A. No. 02-73-GMS
                                         )
UNITED STATES OF AMERICA,                )
                                         )
       Respondent/Plaintiff.     )

**MEMORANDUM OPINION**

_____

Eric Ayala. *Pro se* movant.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

_____

Feb 2, 2009
Wilmington, Delaware

SLEET, Chief Judge

## I. INTRODUCTION

Movant Eric Ayala ("Ayala") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 57.) The Government filed its answer in opposition. (D.I. 65.) For the reasons discussed, the court will deny Ayala's § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On June 24, 2003, Ayala pled guilty to one count of possession of a firearm by a person prohibited in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.I. 28.) The court sentenced Ayala to 86 months imprisonment, 3 years of supervised release, and a $100 special assessment. (D.I. 42.) Ayala did not appeal his conviction or sentence.

Ayala filed the instant § 2255 motion to vacate, set aside, or correct his sentence on January 10, 2006. The § 2255 motion asserts the following two grounds for relief: (1) Ayala's sentence was improperly enhanced in violation of *United States v. Booker*, 543 U.S. 220 (2005); and (2) counsel provided ineffective assistance by failing to challenge Ayala's sentence as violating *Apprendi v. New Jersey,* 530 U.S. 466 (2000) on the basis that it exceeded the statutory maximum for the offense to which he pled guilty. The Government filed an answer arguing that the motion should be dismissed as time-barred. (D.I. 65.) Ayala's § 2255 motion is ready for review.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. §

1

2255; *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling). The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Nevertheless, the limitations period for § 2255 motions may be equitably tolled in certain circumstances, so long as the movant demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting her rights; or
> (3) where the plaintiff timely asserted her rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

In Ayala's case, § 2255 (1) and (3) provide the possible starting dates for the one-year limitations period.[1] Beginning with § 2255(1), the court notes that Ayala was sentenced on January 7, 2004, and he did not appeal his conviction or sentence. As a result, Ayala's conviction became final January 22, 2004, the date on which the time for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period).

Ayala filed the instant § 2255 motion on January 6, 2006, almost two full years after his judgment of conviction became final.[2] Although Ayala has not alleged any extraordinary circumstances beyond his control that would toll the running of the limitations period, the court acknowledges that certain events in this case may be viewed as possibly triggering the application of the equitable tolling doctrine. For instance, Ayala filed a motion for the appointment of counsel on August 12, 2004 (D.I. 46.), stating that he needed help in pursuing sentencing issues raised by *Blakely v. Washington*, 542 U.S. 296 (2004). *See* (D.I. 48.) The

---

[1] Ayala does not allege, nor can the court discern, any facts triggering the application of § 2255(2) or (4).

[2] Although Ayala's § 2255 motion was filed on January 10, 2006, the motion itself is dated January 6, 2006. The court adopts January 6, 2006 as the filing date because, presumably, that is the date Ayala delivered the § 2255 motion to prison officials for mailing to this court. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)(applying mailbox rule to § 2255 motions).

court denied the motion for appointment of counsel on May 3, 2005. (D.I. 48.) Ayala then filed a letter asking the court for advice on how to pursue relief under 28 U.S.C. § 2255. (D.I. 50.) In a letter dated June 9, 2005, the clerk of the court advised Ayala that the court could not provide legal advice, and that forms for pursuing habeas relief were available in the prison library. (D.I. 51.) The clerk's letter was initially returned as undeliverable, but re-mailed again on June 20, 2005 without any further delivery issues. (D.I. 51; D.I. 52.)

The court concludes that these circumstances do not warrant equitable tolling. As an initial matter, nothing about this situation prevented Ayala from filing his own § 2255 motion. Further, Ayala's June 9, 2005 letter requesting advice from the court clearly demonstrates that he was aware of the filing deadline for § 2255 motions, and that the deadline had either already expired, or was close to expiring. The letter suggests that Ayala was aware of the filing deadline as of August 30, 2004, the date on which he received a copy of the Government's response to the motion for the appointment of counsel from his appellate counsel.[3] Given the strong likelihood that Ayala knew in late August 2004 that he would have to comply with AEDPA's one-year filing period if he wanted the court to consider his sentencing challenges, Ayala did not exercise reasonable diligence in pursuing his claims by waiting until January 6, 2006 to file the instant § 2255 motion.

Nevertheless, even if the court were to view Ayala's motion for the appointment of counsel and his letter requesting advice on how to pursue habeas relief as triggering events for equitable tolling purposes, Ayala's § 2255 motion is still time-barred. By the time Ayala filed

---

[3]The Government's response to the appointment of counsel motion explained that, given Ayala's failure to file a direct appeal, the only mechanism by which Ayala could challenge his sentence was via a timely filed § 2255 motion. *See* (D.I. 48.)

the motion for the appointment of counsel on August 12, 2004, 193 days of the limitations period had already expired. Presuming that equitable tolling started on August 13, 2004 and ended when the clerk of the court's letter was re-mailed on June 20, 2005, Ayala had 172 days from June 21, 2005 to file a timely § 2255 motion. Yet, despite his awareness that the deadline may be close to expiring, Ayala waited another 200 days before filing his § 2255 motion on January 6, 2006. Thus, even under this alternative analysis, Ayala's § 2255 motion was filed approximately 28 days too late. Accordingly, the § 2255 motion is time-barred under § 2255(1).

Finally, to the extent Ayala's *Booker* argument can be viewed as an attempt to trigger a later filing date under § 2255(3), the argument is unavailing. The Third Circuit Court of Appeals has held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *Lloyd v. United States*, 407 F.3d 608, 616 (3d Cir. 2005). As just explained, Ayala's judgment of conviction became final on January 22, 2004, approximately one year before the *Booker* decision was issued. Accordingly, Ayala's *Booker* argument fails to trigger a later filing date under § 2255(3).

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. Here, the record conclusively demonstrates that Ayala is not entitled to relief on his § 2255 motion. Accordingly, the court concludes that an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, when a court denies a habeas claim on procedural grounds without reaching the underlying constitutional issues, the movant must demonstrate that reasonable jurists would find it debatable: (1) wether the motion states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in is procedural ruling. *Id.* If the district court correctly invokes a plain procedural bar to dispose of a case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court is denying Ayala's § 2255 motion after determining that the motion is time-barred. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Ayala's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is dismissed. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC AYALA, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | ) Civ. A. No. 06-20-GMS |
| | ) Cr. A. No. 02-73-GMS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

### ORDER

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Petitioner Eric Ayala's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 57.)

2. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Feb 7, 2009
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE